**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-41248

_____


FREEDOM COMMUNICATIONS INC.,
Doing Business as The Monitor,

                              Plaintiff-Appellant,

VERSUS

FERNANDO MANCIAS,
Judge of the 93rd Judicial District Court
of Hidalgo County, Texas;
PAULINE G. GONZALEZ,
Clerk of Hidalgo County District Courts;
and
STATE OF TEXAS,

                              Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Texas
(M-96-CV-046)
_____
October 9, 1997


Before REYNALDO G. GARZA, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]


        We have before us only an appeal from the denial of an
injunction ordering the release of certain state court divorce

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

records.  The grant of declaratory relief has not been appealed, and we do not consider it.

To obtain an injunction, a plaintiff must show irreparable harm.  "The equitable remedy [under 42 U.S.C. § 1983] is unavailable absent a showing of irreparable injury . . . ." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).  Part of showing irreparable injury is demonstrating that the plaintiff has no adequate remedy at law.  *See id.*

The declaratory relief granted to this plaintiff eliminated the procedural bar to its intervention in the state court proceedings.  The plaintiff offers no reason why this is not adequate relief or why it will suffer irreparable harm if it must return to state court to petition for disclosure of the documents.

Moreover, the interests of comity suggest that we should not order an injunction against a state judge who has not even had an opportunity to consider the merits, if any, to plaintiff's claim.  "In exercising their equitable powers federal courts must recognize '[t]he special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law.'" *Lyons*, *id.* at 112 (quoting *Stefanelli v. Minard*, 342 U.S. 117, 120 (1951))."

In the absence of irreparable harm, the district court did not abuse its discretion in denying injunctive relief.  The judgment,

2

accordingly, is AFFIRMED.  We express no view on the district court's handling of the burden of proof or on its decisions regarding the other issues presented in this case.